# Exhibit C



**CAVITCH**

**FAMILO & DURKIN**
*Legal Professional Association*

Stuart A. Laven, Jr.
Attorney at Law
slaven@cavitch.com

Twentieth Floor
1300 East Ninth Street
Cleveland, Ohio 44114
T 216.621.7860
F 216.621.3415
www.cavitch.com

July 8, 2014

**VIA FEDEX OVERNIGHT DELIVERY**

Point Eight Power, Inc.
1510 Engineers Road
Belle Chasse, LA 70037
Attn: Mr. Brett Reagan

Re:   **NOTICE TO CEASE AND DESIST AND RETURN COMPANY PROPERTY**

Mr. Reagan:

This firm represents PACS Switchgear, LLC. It has come to our attention that former PACS and current Point Eight Power, Inc. employees Jimmy Tichenor, Bob Leo, Brian Marcum and Miguel Chacon (collectively, the "Employees") may be engaged in ongoing violations of New York laws pertaining to misappropriation of trade secrets, unfair competition, and deceptive trade practices. New York law provides for civil liability for misappropriation of trade secrets. *Ashland Mgmt. Inc. v. Janien*, 82 N.Y.2d 395, 407, 624 N.E.2d 1007 (1993).

My client has reason to believe that the Employees may have removed from PACS and disclosed to Point Eight certain confidential information, trade secrets, and proprietary information of PACS including, but not limited to, information stored on a computer hard drive, disk, or other electronic storage media, without authorization to do so. For this reason, PACS demands that Point Eight take immediate action to ensure that the Employees immediately return all written and electronic materials of PACS to me at my address above, including materials they may have generated as employees of PACS, alone or jointly with others.

PACS further instructs Point Eight to immediately cease and desist any and all use of PACS's property and information for any purpose. This includes use of the information itself and any derivation thereof.

Additionally, PACS requests that Point Eight make the Employees available for sworn deposition testimony in respect of the above matters. Please contact me to arrange depositions times and locations.

The Employees' actions may also constitute breaches of the Exclusive License Agreement dated July 29, 2010 by and between PACS and Point Eight (the "Agreement"). Section 6.1 of the

Point Eight Power, Inc.
Page 2 of 2
July 8, 2014

Agreement provides that designs, specifications, and drawings supplied by PACS shall remain its sole and exclusive property to be used only in connection with the Agreement. Pursuant to Section 6.2 of the Agreement, Point Eight acknowledges the proprietary nature of such information and its status as a trade secret. Thus, the Employees' unauthorized use of such information in the course of Point 8's business is a breach of the Agreement

If the Employees misappropriated PACS's trade secrets, Point Eight would also be in violation of its representation in Section 7.2(c) that it will perform all of its obligations under the Agreement in compliance with applicable laws.

This letter shall serve as notice to Point Eight pursuant to Section 7.4 of the Agreement that unauthorized use of PACS's Know-How (as defined in the Agreement) has come to its attention. Pursuant to Section 8.2 of the Agreement, PACS may terminate the Agreement and the licenses granted to Point Eight with thirty (30) days' notice. Please be advised that Section 8.6 provides that termination of the Agreement for any cause does not release Point Eight from any liability or obligation accruing to PACS.

PACS requests that Point Eight acknowledge receipt of and compliance with the terms of this letter by close of business on **Tuesday, July 15, 2014**. PACS reserves the right to pursue all remedies which it may have against Point Eight and its officers, directors, agents, and employees to prevent any continuing violations of PACS's rights, including, but not limited to, injunctive relief, recovery of profits and other compensatory damages, punitive damages, attorneys' fees, litigation costs and expenses.

Please immediately contact me if you have any questions regarding this matter. Thank you for your anticipated cooperation.

Very truly yours,

*Stuart A. Laven, Jr. / lad*

Stuart A. Laven, Jr., Esq.

cc: Neil Minihane, Chief Executive Officer