# Exhibit D

**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
A LAW CORPORATION
27TH FLOOR, PAN-AMERICAN LIFE CENTER
601 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70130-6027

TEL: (504) 568-1990
FAX: (504) 310-9195
Stewart F. Peck

INTERNET ADDRESS:
speck@lawla.com

July 23, 2014

*Via Federal Express and Email: slaven@cavitch.com*

PACS Switch Gear, LLC
c/o Stuart A. Laven, Jr.
Cavitch, Familo & Durkin
Twentieth Floor
1300 East Ninth Street
Cleveland, OH  44114
216-472-4672

Re:   Response to Notice from PACS dated July 8, 2014

Dear Mr. Laven:

Our firm represents Point Eight Power, Inc. ("PEP") and your letter on behalf of PACS Switch Gear, LLC ("PACS"), dated July 8, 2014, has been directed to our attention for response.

PEP has conducted an investigation and interviewed those "Employees" PACS alleges to have misappropriated trade secrets, confidential information and engaged in unfair competition and deceptive trade practices. Based on its investigation, PEP categorically denies that the Employees wrongfully and unlawfully removed or misappropriated from PACS and disclosed to PEP certain confidential information, trade secrets and proprietary information.

Any information that PEP has in its possession and which was disclosed to it was authorized to be given to PEP and is covered under the provisions of the Exclusive License Agreement dated July 29, 2010 between PEP and PACS (the "Agreement" or "License").

PEP continues to agree that information used under the Agreement is PACS' property, but denies receipt, use, or disclosure of any information outside of the confidential information covered under the Agreement. Consequently, PEP has not violated any applicable laws and was and is in full compliance with the Agreement. Therefore, PEP has not breached the Agreement and does not accept the letter dated July 9, 2014, as a valid notice of termination.

The July 8, 2014, letter includes several qualified assertions, including "[m]y client has reason to believe" and "may have removed." PEP respectfully requests that PACS specifically advise what information was disclosed to PEP which was not covered under the Agreement. PEP respectfully requests and requires that PACS specifically provide the factual basis for any claim of breach under the Agreement so that, in accordance with Section 8.2 of the Agreement, PEP can

July 23, 2014
Page 2

remedy any such alleged breach. Again, PEP asserts it has not breached any provision under the Agreement and is in full compliance thereof.

In a conference call on July 16, 2014, with PACS's CEO, Mark Bronstein, certain PEP representatives, and you, you asserted that PACS had circumstantial evidence that PEP employees had misappropriated PACS' confidential information and disclosed same to PEP, but would not provide specifics on what information you were referring to that would fall outside the scope of the Agreement and the confidentiality provisions contained therein. Again the only information that PEP has is that confidential information it is allowed to have under the Agreement and which it has agreed to keep confidential, recognized as being proprietary, and has paid PACS a licensing fee to use.

During that same conversation, there was some discussion regarding PACS's allegation that PEP was operating outside of its FOU (field of use) granted under the Agreement. Other than the area exclusive to PEP and the restricted area that was kept by PACS, the Agreement provides that PACS may directly or through an affiliate grant licenses to any other person or persons in the non-exclusive areas. Conversely, PEP has the right to use the license granted to it under the Agreement in the non-exclusive/non-restricted areas. PEP believes the Agreement is clear on this issue. If it is unclear to PACS, PEP would be willing to clarify any confusion PACS believes may exist.

The rights granted to PEP under the Agreement dated July 29, 2010 are extremely valuable to PEP. PEP values its relationship with PACS and wants to continue moving forward in a cooperative and mutually beneficial fashion. Nevertheless, PEP is concerned that PACS may be trying to terminate the Agreement without cause. Therefore, PEP respectfully requests PACS' written acknowledgment by July 28, 2014, that the Agreement has not been breached and will not be terminated.

If PEP does not receive such written acknowledgment, PEP reserves all remedies that it has resulting from the threatened wrongful and unlawful termination of the Agreement that will cause PEP irreparable harm for which it does not have an adequate remedy at law. We hope we can amicably resolve the matter.

We look forward to receiving a response as set forth above.

Sincerely yours,

Stewart F. Peck

SFP:hms